IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE WOLDEMARIAM. ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| CITY OF CHICAGO AND UNKNOWN ) | |
| CHICAGO POLICE ) | |
| OFFICERS ) | |
| ) | |
| ) | |
|    Defendants. ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES the Plaintiff, JOYCE WOLDEMARIAM, by and through her attorneys Chastidy Burns and the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Joyce Woldemariam is a United States citizen who resides in the Northern District of Illinois.

5. Defendants unknown City of Chicago Police Officers (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law. They are sued in their individual capacities.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, the Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7. At around 6:00 p.m. on October 29, 2011, Plaintiff's family and neighbors came to her home at 128 S. Emerald, Chicago, Illinois for a birthday celebration in her honor.

8. The DJ the family had hired for the celebration brought his equipment, he left the equipment at the home, and he told Plaintiff he would return later in the evening to retrieve the equipment.

9. Around 10:00 p.m., as Plaintiff's guests were leaving for the night, the DJ returned to Plaintiff's home accompanied by a group of uninvited guests.

10. The uninvited guests suggested they make a birthday toast to Plaintiff, and Plaintiff provided them with a bottle of tequila to do so.

11. A few of the uninvited guests went outside to the front lawn, and one of them called the police.

12. Defendant Officers responded to the call, and upon arriving at the home, Defendant Officers ordered everyone to come outside to the front lawn.

13. The uninvited guests, Plaintiff, and her relatives and neighbors who were still present, complied with Defendant Officers' request and exited the home.

14. Two of the Defendant Officers, one male and one female, grabbed Plaintiff by the arms and pulled her over to them.

15. The female Defendant Officer kicked Plaintiff in the back of her legs to force her into a kneeling position.

16. When Plaintiff asked Defendant Officers if she could speak to a supervising officer, the male Defendant Officer then struck Plaintiff in her ribs with the butt of a firearm.

17. One of the Defendant Officers pushed Plaintiff face-first up against the back windshield of a Chicago Police Department squad car and handcuffed her.

18. Then Defendant Officers put Plaintiff into the squad car, and she was driven to a nearby parking lot where she and the officers remained parked.

19. While Plaintiff was in custody with those Defendant Officers, other Defendant Officers had barricaded her street, and multiple Defendant Officers conducted a search of Plaintiff's home.

20. During the search, Defendant Officers caused substantial damage to Plaintiff's personal and real property, including but not limited to windows, doors, and furniture.

21. Plaintiff's son and six of Plaintiff's guests were arrested and charged with battery arising from the altercation with the uninvited guests in the home.

22. Plaintiff was driven back to her home and released from Defendant Officers' custody without charge several hours later.

23. All charges against Plaintiff's son and Plaintiff's six other guests were dismissed in court on December 23, 2011.

24. As a result of Defendant Officers' conduct, Plaintiff has suffered pain, injury, and economic loss.

## COUNT I

### 42 U.S.C. §1983 – Excessive Force

25. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

26. Defendant Officers inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

27. When inflicting violence upon Plaintiff, Defendant Officers were acting "under the color of law."

28. The actions of Defendant officers in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for her rights, amounting to an abuse of power that shocks the conscience.

29. As a result of excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### 42 U.S.C. §1983 – Failure to Intervene

30. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

31. Defendant Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff and prevent her injuries, but failed to do so.

32. As a result of the Defendant Officers' failure to intervene, Plaintiff has suffered physical and emotional injuries.

33. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Unlawful Seizure/ False Arrest

34. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

35. Defendant Officers knowingly arrested Plaintiff without probable cause. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendant Officers also failed to intervene in the unlawful conduct of each other in detaining Plaintiff.

37. As a result of the false arrest, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

38. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IV

### 42 .S.C. § 1983 – Unlawful Search

39. Plaintiff re-alleges and reincorporates all previous paragraphs.

40. As described above, on October 29, 2011, Defendant Officers invaded the privacy of Plaintiff by conducting a thorough search of her home without probable cause or any lawful justification, thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

41. On that date, Defendants entered Plaintiff's home without a warrant, probable cause, or any legal justification.

42. Additionally, Defendants damaged portions of Plaintiff's property while conducting this unlawful search.

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

44. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered mental and emotional damage, humiliation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and expenses, and such other additional relief that this Court deems equitable and just.

## COUNT V

### Indemnity Claim – 745 ILCS 10/9-102

45. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

46. Defendant City of Chicago is the employer of Defendant Officers.

47. Defendant Officers committed the act alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

48. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

49. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

JOYCE WOLDEMARIAM

By One of HER Attorneys:

s/Chastidy Burns

Chastidy Burns
The Shiller Preyar Law Offices
1100 W. Cermak Rd.
Suite B401
Chicago, IL 60608
(312)226-4590

7

CERTIFICATE OF SERVICE

I, Chastidy Burns, hereby certify that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Chastidy Burns
Chastidy Burns
The Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608